IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV1-1-MU

WAYNE THOMAS JOHNSON,           )
                                )
       Plaintiff,              )
                                )
v.                              )     **O R D E R**
                                )
BOYD BENNETT, <u>et al.</u>,          )
                                )
       Defendants.             )
_____ )

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1), filed January 5, 2009.[1]

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation without the prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, pursuant to 28 U.S.C. § 1915(e), a prisoner shall not bring a civil action or appeal a judgment in a civil action without the prepayment of fees or costs if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim. The only exception to this filing prohibition is if the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff has asked to be allowed to proceed in forma pauperis in this matter. (Doc. No. 2). This Court takes judicial notice of the fact that Plaintiff is a prodigious litigator who has filed

---

[1] On January 2, 2009, the United States District Court for the Eastern District of North Carolina transferred this case to this Court.

numerous lawsuits in the federal court system and that he has had at least three prior prisoner civil actions in federal court that were dismissed because they were found to be frivolous or because they failed to state a claim. See Johnson v. NCPLS, No. 5:01-CT-508-H (W.D.N.C. 2002)(dismissing Complaint as frivolous); Johnson v. Walker, No. 1:01-CV-36 (W.D.N.C.. 2001)(same); Johnson v. Medford, 1:02-CV-1 (W.D.N.C. 2002)(same); Johnson v. Lee, 5:00-CV-490 (E.D.N.C. 2000)(same). Indeed, Plaintiff has previously had at least one Complaint dismissed pursuant to the provisions of 28 U.S.C. § 1915(g). See Johnson v. Mabry, 5:07-CV-3093 (E.D.N.C. 2007)(dismissing Complaint pursuant to § 1915(g)).

In an attempt to circumvent § 1915(g)'s application, Plaintiff makes a broad, unsupported, allegation that he has heard "from very reliable sources" that he is "in imminent danger" and that the Defendants would "arrange it for me to have a tragic accident." Such a conclusory assertion is wholly insufficient to establish that Plaintiff is in imminent danger of serious physical injury. See Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)("[v]ague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather the inmate must make :specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."). Significantly, this is not Plaintiff's first allegation of imminent danger – in 2003 in this Court Plaintiff also claimed that he was told that the defendants were planning harm or kill him and make it look like an accident. (1:03CV130). Consequently, because Plaintiff, a prisoner, has three "strikes" against him, his Motion to Proceed In Forma Pauperis is denied and his Complaint is dismissed pursuant to 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion to Proceed In Forma Pauperis is **DENIED** pursuant to 28 U.S.C. 1915(g); and

2. Plaintiff's Complaint is **DISMISSED** without prejudice for failure to pay the civil filing fee required by 28 U.S.C. § 1914(a).

Signed: January 5, 2009

Graham C. Mullen
United States District Judge